UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**25-CR-80089-MIDDLEBROOKS/MATTHEWMAN**
CASE NO. _____

15 U.S.C. § 78j(b)
15 U.S.C. § 78ff(a)
17 C.F.R. § 240.10b-5
18 U.S.C. § 981(a)(l)(C)

UNITED STATES OF AMERICA

v.

CHARLES LAWRENCE BAUGH, SR.,

Defendant.
_____/

FILED BY **BM** D.C.

*Jun 6, 2025*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At times relevant to this Information:

## Relevant Individuals and Entities

1.      Defendant **CHARLES LAWRENCE BAUGH, SR.**, was a resident of Boca Raton, Florida, in the Southern District of Florida.

2.      Defendant **CHARLES LAWRENCE BAUGH, SR.**, maintained numerous accounts in his name at Charles Schwab, including an Individual Retirement Account (IRA) ending in 1752 and a brokerage account ending in 1947.

3.      Family Member-1 was a family member of **CHARLES LAWRENCE BAUGH, SR.**, who, since before 2019, worked as a senior employee at ADT Inc. ("ADT"), a security company headquartered in Boca Raton, Florida.  **CHARLES LAWRENCE BAUGH, SR.**, and Family Member-1 had a history of sharing business confidences that were generally maintained.

Pursuant to their relationship, **CHARLES LAWRENCE BAUGH, SR.**, owed a duty of confidentiality to Family Member-1 to refrain from trading securities based on material non-public information ("MNPI") Family Member-1 shared with the defendant.

4.      Family Member-2 and Family Member-3 were both family members of the defendant.

5.      ADT's shares were publicly traded on the Nasdaq stock exchange under the ticker ADT.

6.      Google LLC ("Google") is and was a technology company headquartered in Mountain View, California.

## SECURITIES FRAUD
### (15 U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5)

7.      From at least in or around July 2020 through at least in or around August 2020, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**CHARLES LAWRENCE BAUGH, SR.,**

knowingly and willfully, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails, and facilities of national securities exchanges, did use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, that is, ADT common stock and options, and did (a) employ a device, scheme, and artifice to defraud; (b) make untrue statements of material fact and omit to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices, and courses of business which would and did operate as a fraud and deceit upon any person, in connection with the purchase and sale of said securities; that is, purchasing and selling ADT common stock and options on the basis of

material non-public information concerning ADT in breach of a duty of confidence owed to Family Member-1, including purchasing 650 ADT call options on July 6, 2020.

## MANNER AND MEANS OF THE INSIDER TRADING SCHEME

The manner and means by which the defendant sought to accomplish the insider trading scheme included, among other things, the following:

8.      Beginning at least on or about July 4, 2020, **CHARLES LAWRENCE BAUGH, SR.**, obtained confidential information from Family Member-1 regarding a likely partnership between ADT and Google, information that **CHARLES LAWRENCE BAUGH, SR.**, knew was MNPI.

9.      **CHARLES LAWRENCE BAUGH, SR.**, violated the duty of confidentiality he owed Family Member-1 by trading in ADT securities on the basis of MNPI in a series of transactions involving ADT common stock and call options.   For example, on July 6, 2020 (the first trading day after he learned of the pending partnership), **CHARLES LAWRENCE BAUGH, SR.**, purchased 650 ADT call options in his accounts ending in 1752 and 1947.   The call options had strike prices ranging from $7.50 to $15, and expired either August 21, 2020, or November 20, 2020.   At the time, ADT's share price was trading at approximately $7.02.

10.      Between on or about July 7 and on or about July 27, 2020, **CHARLES LAWRENCE BAUGH, SR.**, purchased an additional 350 ADT call options and 800 ADT shares.

11.      During this time, in addition to his own trading, **CHARLES LAWRENCE BAUGH, SR.**, encouraged numerous family members to trade in ADT securities, including Family Member-2 and Family Member-3.   **CHARLES LAWRENCE BAUGH, SR.**, also personally purchased ADT securities in the accounts of two other family members.

12.     On or about August 3, 2020, ADT and Google announced the partnership. Specifically, the companies announced, *inter alia*, that they were entering into a long-term partnership agreement "to create the next generation of smart security home offerings" and that Google was investing approximately $450 million into ADT to acquire a 6.6% ownership stake.

13.     In response to the news, ADT's share price increased over 50%, from approximately $7.77 at the close of trading on July 31 (the last trading day before the announcement) to approximately $12.17 at the close of trading on August 3.

14.     On or about August 3, 2020, **CHARLES LAWRENCE BAUGH, SR.**, sold all 1,000 ADT call options in his accounts, realizing a profit of approximately $314,984.   The defendant retained ownership over the 800 ADT shares.

15.     Family Member-2 and Family Member-3 each realized tens of thousands of dollars in gains.

16.     In total, by trading on the MNPI, **CHARLES LAWRENCE BAUGH, SR.**, generated approximately $318,326 in trading gain for himself.   By trading in others' accounts and encouraging others to trade in ADT securities, **CHARLES LAWRENCE BAUGH, SR.**, caused more than $100,000 in additional gain.

In violation of Title 15, United States Code, Sections 78j(b) and 78ff(a); and Title 17, Code of Federal Regulations, Section 240.10b-5.

## FORFEITURE ALLEGATIONS

1.     The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CHARLES LAWRENCE BAUGH, SR.**, has an interest.

2.      Upon conviction of a violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      The property directly subject to forfeiture as a result of the alleged offense includes, but is not limited to, the following: a forfeiture money judgment in the sum of $316,044 in United States currency, which sum represents the value of any property which constitutes or is derived from proceeds traceable to the defendant's commission of the offense.

4.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third party;

     c.   has been placed beyond the jurisdiction of the court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), which includes, but is not limited to, up to $316,044 in equity.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set

forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).


HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY


ELI S. RUBIN
ASSISTANT U.S. ATTORNEY

6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-80089-MIDDLEBROOKS/MATTHEWMAN

v.

**CERTIFICATE OF TRIAL ATTORNEY**

CHARLES LAWRENCE BAUGH, SR.,

_____ /
                    Defendant.

**Court Division** (select one)

☐ Miami   ☐ Key West   ☐ FTP
☐ FTL    ☑ WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take ___0___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                        (Check only one)
   I   ☑ 0 to 5 days                        ☐ Petty
   II  ☐ 6 to 10 days                       ☐ Minor
   III ☐ 11 to 20 days                      ☐ Misdemeanor
   IV  ☐ 21 to 60 days                      ☑ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Donald M. Middlebrooks     Case No. 24-CV-80919-DMM

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
ELI S. RUBIN
Assistant United States Attorney
SDFL Court ID No.   A5503535

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:    CHARLES LAWRENCE BAUGH, SR.

**Case No**: 

Count #: 1

Securities Fraud

Title 15, United States Code, Section 78j(b) & 78ff; 17 C.F.R. § 240.10b-5
* **Max. Term of Imprisonment:** Twenty (20) years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $5,000,000 or twice the gross gain or gross loss

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. **25-CR-80089-MIDDLEBROOKS/MATTHEWMAN** |
| | ) | |
| CHARLES LAWRENCE BAUGH, SR., | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: ___ _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Jeffrey L. Cox
*Printed name of defendant's attorneys*

_____
*Judge's signature*

_____
*Judge's printed name and title*